# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JOHN W. COX**
**United States Army, Appellant**

ARMY 20111136

Headquarters, Third Army (trial)
United States Army Central (new review and action)
Reynold P. Masterton, Military Judge
Colonel Stephanie L. Stephens, Staff Judge Advocate (trial)
Colonel Brendan M. Donahoe, Staff Judge Advocate (new review and action)

For Appellant: Captain Brian D. Andes, JA; Major Yolanda D. McCray Jones, JA.

For Appellee:  Pursuant to A.C.C.A.  Rule 15.2, no response filed.

26 November 2014

---------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
---------------------------------------------------------------

Per Curiam:

On 24 December 2013, this court set aside the convening authority's action in this case and returned the record of trial to The Judge Advocate General for remand to the same or a different convening authority for a new staff judge advocate recommendation and convening authority action. *United States v. Cox,* ARMY 20111136, 2013 CCA LEXIS 1065 (Army Ct. Crim. App. 24 Dec. 2013) (summ. disp.).  This new action was completed on 17 October 2014, and the record is now before us for further review.[1]

---

[1] In his initial action, the convening authority approved a sentence of a bad-conduct discharge, confinement for twelve months, forfeiture of $978.00 pay per month for twelve months, and reduction to the grade of E-1.  In the new action upon remand, the convening authority approved a bad-conduct discharge, confinement for ten

(continued . . .)

We have considered the entire record, including the issues personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), as well as all previous assignments of error.[2]  In our previous decision, we noted that "all parties at trial agreed that appellant's threats were 'part and parcel' of the aggravated assault" and suggested that we would "be inclined to view the simultaneously committed offenses of assault by offer and communication of a threat as appropriate for merger."  We now follow this inclination.

In this case, appellant's verbal threats to injure his victim and his assault of the same victim "by charging and waving a loaded firearm in a manner intended to threaten and intimidate another" occurred "all at once."  According to the Manual for Courts-Martial, "if the threatening words are accompanied by a menacing act or gesture, there may be an assault, since the combination constitutes a demonstration of violence." *Manual for Courts-Martial*, *United States* (2012 ed.), pt. IV, ¶54.c(1)(c)(ii).  Accordingly, we consolidate the communication of a threat specifications with the aggravated assault specification.

The aggravated assault specification of Charge I is consolidated with Specifications 1 and 2 of Charge II (communication of a threat) to allege the following:

> Charge I:  Article 128, UCMJ.
>
> The Specification:  In that Specialist (E-4) John W. Cox, U.S. Army, did at or near Camp As Sayliyah, Qatar, on or about 9 October 2011, commit an assault upon SPC CT by threatening to injure SPC CT by shooting him and "beating his ass," or words to that effect, such words accompanied by the said Specialist John W. Cox charging and waving a dangerous weapon, to wit:  a loaded firearm, in a manner intended to threaten and intimidate another.

The findings of guilty to the Specification (as consolidated) of Charge I and Charge I are AFFIRMED.  The findings of guilty to Charge II and its specifications are set aside, and Charge II and its Specifications are now dismissed as an unreasonable multiplication of charges.

---

(. . . continued)
months, forfeiture of $978.00 pay per month for twelve months, and reduction to the grade of E-1.

[2] Upon receipt of the new review and action, no further pleadings were filed by appellate defense counsel.

We are able to reassess the sentence on the basis of the errors noted and do so after conducting a thorough analysis of the totality of the circumstances presented by appellant's case, and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). As these specifications were already considered by the military judge as "one for sentencing purposes," we are satisfied that appellant suffered no prejudice as to his sentence. Therefore, reassessing the sentence based on the noted error and the remaining findings of guilty, we AFFIRM the sentence as approved by the convening authority on 17 October 2014. We find this reassessed sentence is not only purged of any error but is also appropriate.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court